UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES LUCIEN, | ) |
|     Petitioner, | ) |
| | ) |
|     v. | )   C.A. No. 07-11338-MLW |
| | ) |
| LUIS SPENCER, | ) |
|     Respondent | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                March 22, 2013

I.   INTRODUCTION

    Pro se petitioner James Lucien ("Lucien") was convicted in
Suffolk Superior Court of first degree murder, two counts of armed
robbery, and illegal possession of a firearm. He was sentenced to
life in prison. Except for one armed robbery conviction, which was
vacated, his convictions were affirmed by the Massachusetts Supreme
Judicial Court (the "SJC"). See Commonwealth v. Lucien, 440 Mass.
658, 660 (2004).

    Lucien has filed a petition for a writ of habeas corpus
pursuant to 28 U.S.C. §2254. The petition included five
constitutional claims: (1) a due process challenge to the SJC's
decision regarding the trial judge's failure to instruct the jury
on how it could consider a cooperating witness's guilty plea; (2)
a claim that Lucien did not knowingly and voluntarily waive his
right to testify at trial; (3) a claim of ineffective assistance of
trial counsel for counsel's failure to call two particular expert
witnesses; (4) an ineffective assistance of appellate counsel claim

for counsel's failure to properly raise certain issues on appeal; and (5) a challenge to the trial court's alleged interference in cross-examination. On August 27, 2008, the court allowed petitioner's motion to delete his fifth claim and replace it with a due process challenge to the trial court's felony murder instruction.

Six of petitioner's motions are now pending before the court. First, Lucien seeks an evidentiary hearing, which respondent opposes. Second, petitioner has moved for leave to initiate discovery, and respondent opposes that motion as well. Third, Lucien requests a status hearing, which is unopposed. Fourth, petitioner requests a ruling on the unresolved motions, which is also unopposed. Fifth, Lucien filed an unopposed motion for a ruling on his habeas petition. Finally, Lucien requests that the court correct a docket entry, and respondent has not addressed that request.

After reviewing petitioner's pending motions, the parties' submissions, and the state court record, because of the complex legal and factual issues raised in this case, petitioner's Motion for Appointment of Counsel, which was denied without prejudice, is being allowed, if petitioner is deemed financially eligible. In addition, for the reasons described below, Lucien's motions for an evidentiary hearing and discovery are being denied without prejudice. His motion for a status hearing is being allowed. His

2

motion for rulings on the pending motions is moot. Petitioner's motion for a ruling on his habeas petition is being denied without prejudice. Finally, Lucien's motion to amend the docket is being allowed.

II.   BACKGROUND

A.   State Court Proceedings

On November 28, 1995, following a five-day trial in Suffolk Superior Court, petitioner was found guilty on one count of first degree murder, two counts of armed robbery, and one count of illegal possession of a firearm. Petitioner was sentenced to life in prison. He initiated a direct appeal to the SJC. He also filed a motion for a new trial and a revised motion for a new trial, which the trial court denied. Petitioner consolidated his appeal of the denial of his motion for a new trial with his direct appeal. Petitioner then filed a second motion for a new trial, which was denied. Lucien sought review of the denial of his second motion for a new trial by a single justice of the SJC, and the single justice denied petitioner's application for leave to appeal.

Except for one armed robbery conviction, the SJC affirmed petitioner's convictions and declined to grant a new trial. See Lucien, 440 Mass. at 660, 672-73.

B.   Federal Habeas Proceedings

On July 20, 2007, Lucien filed a federal habeas petition pursuant to 28 U.S.C. §2254. He also filed a Motion for Appointment

3

of Counsel. On February 17, 2008, the court denied that motion
without prejudice. On February 25, 2008, as part of Lucien's
memorandum of law in support of his habeas petition, he requested
an evidentiary hearing, which respondent opposed. On July 21, 2009,
petitioner moved for leave to initiate discovery, which respondent
also opposed. On August 27, 2008, the court allowed petitioner's
Motion to Expand the Record to include: (1) the slip copy of the
SJC's January 24, 2004 decision; and (2) Lucien's petition to the
SJC for rehearing. On that same day, the court allowed petitioner's
Motion to Amend his petition to replace his challenge to the trial
court's alleged interference in cross-examination with a due
process challenge to the trial court's felony murder instruction.

While petitioner's motions for an evidentiary hearing and
discovery were pending, the Supreme Court decided <u>Cullen v.
Pinholster</u>, 131 S. Ct. 1388 (2011), which clarified when federal
courts may consider new evidence in a §2254 habeas case. Shortly
thereafter, the First Circuit decided <u>Atkins v. Clarke</u>, 642 F.3d 47
(2011), which interpreted and applied <u>Cullen</u>. On May 16, 2011, the
court ordered the parties to submit memoranda addressing the
implications, if any, of <u>Cullen</u> and <u>Atkins</u> for petitioner's Motion
for Leave to Initiate Discovery. They have responded to that Order.

III. DISCUSSION

A. <u>Petitioner's Motion for Appointment of Counsel</u>

After reviewing the parties' arguments and the state court

4

record in this case, the court concludes that Lucien should be appointed counsel, if he is deemed financially eligible. While "[t]here is no absolute constitutional right to a free lawyer in a civil case," DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991), the court has the authority under the Criminal Justice Act to appoint an attorney for a financially eligible person seeking relief under 28 U.S.C. §2254 upon a determination "that the interests of justice so require," 18 U.S.C. §3006A(a)(2)(B). See also 28 U.S.C. §2254(h) (with some exceptions, in "proceedings brought under this section . . . the court may appoint counsel for an applicant who is or becomes financially unable to afford counsel . . . . Appointment of counsel under this section shall be governed by section 3006A of title 18.").

To merit appointed counsel in a civil case, a litigant must show that exceptional circumstances justify the appointment. See Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (per curiam). In evaluating whether a petitioner's circumstances are exceptional, the court may consider, among other factors, the merits of the case, see DesRosiers, 949 F.2d at 24, and "the complexity of the factual and legal issues involved," Cookish, 787 F.2d at 3 (considering appointment of counsel in a non-habeas civil case pursuant to 28 U.S.C. §1915(d)); see also Carmichael v. Warden, 346 F.Supp.2d 207, 209 (D. Me. 2004) (applying the Cookish factors to assess the appointment of counsel under §3006A(a)(2)(B)); Manisy v.

Maloney, 283 F.Supp.2d 307, 317 (D. Mass. 2003) (applying the DesRosiers factors to assess the appointment of counsel under §3006A(a)(2)(B)).

While Lucien has made a commendable effort to present the complex legal and factual issues raised in his habeas petition, the court now finds that it is in the interest of justice to appoint counsel for him to brief further and argue the most complicated issues in this case. As discussed below, further briefing from counsel will be particularly helpful with regard to the following claims: (1) that the SJC erred in reviewing the trial judge's failure to instruct the jury regarding its consideration of a cooperating witness's guilty plea as evidence against Lucien; (2) that Lucien did not knowingly and voluntarily waive his right to testify at trial; and (3) that petitioner's trial counsel was ineffective because he failed to call two expert witnesses.

> 1. Petitioner's Claim of Error Regarding the Lack of a Jury Instruction Concerning the Jury's Consideration of a Cooperating Witness's Guilty Plea

Jamal Butler was a cooperating witness who testified at Lucien's trial. Lucien maintains that the trial judge erred by failing to instruct the jury not to consider Butler's guilty plea as evidence against petitioner. Lucien further claims that the SJC violated his right to due process by affirming his conviction based on an erroneous determination that there was no evidence that Butler had pled guilty at the time he testified at Lucien's trial.

6

The SJC, in its initial slip opinion, did not decide the question of whether the trial court erred by failing to give a jury instruction regarding Butler's guilty plea because it found that "Butler had not pleaded guilty as of the time he testified, so there was no guilty plea for the jury to consider and no basis for the judge to have given the instruction in question." Commonwealth v. Lucien, No. SJC-07395, slip op. at 12 (Jan. 12, 2004).

After the SJC issued its slip opinion, Lucien filed a motion for rehearing at the SJC, arguing that its determination that Butler had not pled guilty at the time he testified was erroneous. With his motion for rehearing, Lucien provided the SJC with a copy of the October 23, 1995 transcript of Butler's change of plea hearing, which occurred prior to the commencement of Lucien's trial on November 21, 1995. In support of his motion for rehearing, petitioner also provided the SJC with citations to the trial record in his case where Butler's plea agreement was offered into evidence and read to the jury, as well as where the prosecutor referred to Butler's guilty plea.

The SJC, in its subsequent published decision, altered the language from its slip opinion regarding Butler's plea. It again did not decide the question of whether the trial judge erred in failing to instruct the jury regarding Butler's guilty plea "because there was no evidence that Butler had pleaded guilty. Thus, there was no guilty plea for the jury to consider and no

basis for the judge to have given the instruction in question."
Lucien, 440 Mass. at 666-67. The SJC also added a footnote, which
was not included in the slip opinion, stating:

> Although the prosecutor improperly stated in his closing
> argument that Butler had pleaded guilty (there was no
> evidence to support the argument), there was no objection
> and the issue was not raised on appeal. We are satisfied
> that this portion of the argument did not create a
> substantial likelihood of a miscarriage of justice
> because the prosecutor did not suggest that the judge's
> acceptance of Butler's plea was somehow a certification
> of its accuracy or an endorsement of Butler's
> truthfulness.

Id. at 667 n.2.

The SJC's factual determination that there was no evidence
that Butler had pleaded guilty at the time of his testimony at
Lucien's trial "shall be presumed to be correct," and Lucien has
"the burden of rebutting the presumption of correctness by clear
and convincing evidence." 28 U.S.C. §2254(e)(1). Lucien has met
that burden. First, as petitioner pointed out in his motion for
rehearing to the SJC, Butler's plea agreement was entered into
evidence at Lucien's trial over defense counsel's objection. See
Nov. 22, 1995 Trial Tr. at 79-80. Second, Butler's plea agreement
was read to the jury. See id. at 84-86. Third, Butler testified
that he had pleaded guilty to a robbery charge. See Nov. 27, 1995
Trial Tr. at 53. Finally, the prosecutor relied on Butler's guilty
plea in his closing argument. See id. at 111-12. Respondent does
not dispute the fact that Butler testified at Lucien's trial
pursuant to a plea agreement and that the agreement was admitted

8

into evidence. Nor does respondent contend that Butler had not pleaded guilty before testifying at Lucien's trial.

The SJC's statement that "there was no evidence that Butler had pleaded guilty" is, therefore, contradicted by evidence in the record. Accordingly, the SJC's decision not to determine whether the state trial court erred by failing to give a limiting jury instruction regarding Butler's guilty plea and its decision that the prosecutor's reference to Butler's guilty plea in his closing argument did not create a substantial likelihood of a miscarriage of justice were based on an erroneous determination of fact.

However, it is not enough for Lucien to prove only that a state court made an error of fact. Rather, to obtain relief he must show "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). It is not clear from the parties' submissions whether the SJC's erroneous determination regarding Butler's guilty plea, or any underlying error by the trial court or prosecutor with regard to that guilty plea, violated Lucien's constitutional rights. Lucien frames his claim concerning the SJC's error as a violation of his right to due process and a result of ineffective assistance of appellate counsel. Respondent contends that Lucien's arguments regarding Butler's guilty plea should be construed as a claim for ineffective assistance of trial counsel for counsel's failure to object when the trial court did not give a limiting instruction to the jury

9

regarding its consideration of Butler's guilty plea.

The court is ordering Lucien's appointed counsel to submit a supplemental memorandum that addresses whether Lucien's claim regarding the SJC's error concerning Butler's guilty plea is a cognizable claim under the Constitution of the United States. In addition, Lucien's counsel should address how Lucien's arguments regarding the SJC's error relate to any error that the trial court may have committed by failing to give a limiting jury instruction, and any error that the prosecutor, Lucien's trial counsel, or his appellate counsel may have made with regard to the issue of Butler's guilty plea. Lucien's counsel shall also address respondent's contention that Lucien's arguments regarding Butler's guilty plea are, in fact, a claim for ineffective assistance of trial counsel and procedurally defaulted. If Lucien's claim regarding Butler's guilty plea is argued to be cognizable as a claim for ineffective assistance of trial counsel and assumed to be procedurally defaulted, Lucien's appointed counsel shall address whether Lucien can establish "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

In addition, the SJC did not decide the merits of Lucien's argument that the trial court erred by failing to give a limiting

10

instruction regarding the jury's consideration of Butler's guilty plea. See Lucien, 440 Mass. at 666 ("We need not decide the question here because there was no evidence that Butler had pleaded guilty."). It also does not appear that the SJC decided on the merits Lucien's claim in his motion for rehearing that the SJC had made an erroneous factual determination in its slip opinion regarding Butler not having pled guilty. Instead, the SJC altered its slip opinion prior to issuing its published decision, but the alterations still contained the previously discussed erroneous factual determinations regarding the evidence of Butler's guilty plea.

Because it appears that the issues surrounding Butler's guilty plea were not decided on the merits, it is not clear that the requirements of §2254(d) apply to this claim. Section 2254(d) governs "any claim that was adjudicated on the merits in State court proceedings." If Lucien's appointed counsel determines that the issues regarding Butler's guilty plea create a cognizable claim in habeas, counsel is being ordered to submit supplemental briefing on whether those issues were decided on the merits in the state court proceedings and, if not, whether the standards in §2254(d) or some other standards govern Lucien's claim regarding Butler's guilty plea.

## 2. Petitioner's Claim That He Did Not Knowingly and Voluntarily Waive His Right to Testify at Trial

Petitioner claims that his waiver of his right to testify on

11

his own behalf at trial was not knowing and voluntary because his defense counsel, Robert Sinsheimer, Esq., failed to provide him with accurate information regarding the Commonwealth's intentions to impeach him if he testified. Before the end of Lucien's trial, during a sidebar conference at which petitioner was not present, the prosecutor represented to Lucien's counsel and the trial judge that if Lucien were to testify the prosecution would not seek to introduce his past conviction for armed robbery. See Nov. 27, 1995 Trial Tr. at 74-75.[1] The judge instructed Lucien's counsel to confer with petitioner and then return to the sidebar with Lucien. See id. at 76. At the subsequent sidebar conference, the judge asked Lucien if he wished to testify on his own behalf, and Lucien said that he did not wish to testify. See id. at 77-78.

After his conviction, Lucien filed a motion for a new trial, arguing that his trial counsel did not inform him of the prosecutor's intention not to introduce his past conviction and, if he had known of the prosecutor's intention, he would have testified on his own behalf. With his motion, Lucien submitted an affidavit that stated: "At no point during my trial did trial counsel tell me that the assistant district attorney was not going to use my prior conviction." Aff. in Support of Mot. for New Trial ¶8. Petitioner

---

[1] In fact, Lucien's prior conviction was not for armed robbery, but rather for armed assault and battery. See March 4, 2002 Memorandum and Order on the Defendant's Motion to Reconsider Denial of a New Trial Motion and for an Evidentiary Hearing at 1 ("March 4, 2002 Memorandum and Order").

also stated in his affidavit that he was advised by his trial
counsel not to testify and that, during trial, he "was called to
the side bar by the trial judge and advised about [his] rights on
taking the stand, and unwillingly waived [his] rights." Id. at ¶¶6-
7. In addition, petitioner stated: "Prior to trial Counsel closing
the case, I told trial Counsel that I changed my mind because he
did not present any evidence to refute the Commonwealth's case
against me; wherefor, I wanted to take stand." Id. ¶9. The
affidavit accompanying petitioner's amended motion for a new trial
contained similar statements.

Mr. Sinsheimer stated in an affidavit that was submitted to
the trial court with petitioner's motion for a new trial: "On
several occasions during my representation of Mr. Lucien, he
expressed very strongly to me that he wished to testify at trial.
I urged him very strongly and very forcefully not to testify. In
retrospect, it may well be that Mr. Lucien wished to testify at
trial but did not do so, but I did not think so at the time." Aff.
of Robert Sinsheimer ¶3. Notably, Mr. Sinsheimer did not state in
his affidavit that he did not tell Lucien that the prosecutor would
not seek to introduce Lucien's prior conviction if Lucien
testified. See id.[2]

_____

[2] It appears that Mr. Sinsheimer's affidavit was drafted by
someone else because he made handwritten edits to the affidavit.
Mr. Sinsheimer's edits, which are initialed by him, do not
include any reference to a failure to tell Lucien that the
prosecutor would not seek to introduce Lucien's prior conviction

The trial court denied Lucien's motion for a new trial, finding not credible his assertion that he would have testified if he had known of the prosecutor's intentions. See March 4, 2002 Memorandum and Order. In making that finding, the trial judge stated that he "witnessed defense counsel go back and speak for a matter of minutes with the defendant at counsel table" prior to the second sidebar conference during which Lucien stated he did not wish to testify. Id.

On appeal, the SJC concluded that the trial judge "was entitled to reject summarily any claim supported only by the defendant's self-serving affidavits, and infer from his own observation of the defendant and counsel at trial that they were conferring over precisely the matter the defendant now claims was never discussed." Lucien, 440 Mass. at 672-73. On that basis, the SJC held that Lucien's trial counsel was not constitutionally deficient for failing to advise him of the prosecutor's intentions regarding the use of Lucien's prior conviction if he were to testify on his own behalf. See id. at 671-73.

The court does not now find unreasonable the state courts' determinations that Mr. Sinsheimer informed Lucien about the prosecutor's intention not to seek to introduce his past conviction if petitioner were to testify. Lucien has not satisfied his burden of presenting clear and convincing evidence to rebut the

_____

if he were to testify.

presumptive correctness of the state courts' findings on this issue. See 28 U.S.C. §2254(e)(1). Nevertheless, because Lucien has been proceeding pro se Lucien's appointed counsel may, if counsel perceives a proper basis to do so, address in a supplemental memorandum whether there is clear and convincing evidence that Lucien's defense counsel did not confer with him regarding the prosecutor's intention not to seek to introduce his prior conviction if Lucien were to testify. Counsel may also address whether the state courts' conclusions that Lucien validly waived his right to testify were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2).

Lucien's counsel may also address in a supplemental memorandum the federal constitutional provisions, if any, that render cognizable petitioner's claim regarding the invalidity of his waiver of his right to testify. Petitioner's submissions do not make clear the constitutional provision under which he contends this claim is cognizable. "The right to testify on one's own behalf at a criminal trial has sources in several provisions of the Constitution," including the Fifth Amendment right to due process and the Sixth Amendment. Rock v. Arkansas, 483 U.S. 44, 51 (1987); see also Owens v. United States, 483 F.3d 48, 57-59 (1st Cir. 2007); Lema v. United States, 987 F.2d 48, 51-52 (1st Cir. 1993).

If Lucien's counsel determines that petitioner has a

cognizable claim that he did not validly waive his right to testify, counsel shall address in a supplemental memorandum whether that claim: (1) was decided on the merits in the state court proceedings; (2) has been exhausted; or (3) is procedurally defaulted and, if so, whether petitioner can establish cause and prejudice with respect to the procedural default or "demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." See Coleman, 501 U.S. at 750. If it is argued that the claim was decided on the merits by the state courts, counsel shall address whether the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. §2254(d)(1). If the claim was not decided on the merits, counsel shall address what standard governs whether the court should grant the habeas petition based on this claim, as §2254(d) would not apply.

### 3. Petitioner's Claim That His Trial Counsel Was Ineffective for Failing to Call Two Expert Witnesses

Lucien claims that his trial counsel was constitutionally ineffective for failing to call two expert witnesses at trial. Petitioner's trial counsel had retained as experts Dr. Edward B. Sussman, a licensed pathologist, and retired State Police Officer Carl M. Majeskey, who is represented to be a ballistics expert. Lucien asserts that his trial counsel assured him prior to trial that "he would call the experts to testify." Pet.'s Suppl. Aff. in Supp. of Mot. for New Trial ¶12. At trial, Mr. Sinsheimer did not

16

call as witnesses Dr. Sussman or Majeskey.

In an affidavit that Lucien submitted to the trial court with his motion for a new trial, Mr. Sinsheimer stated with regard to his decision not to call the two experts that:

> There were two expert witnesses, a Dr. Sussman and a Dr. Majeski [sic], who did not testify during the trial. My decision to not call these witnesses was not based alone on James Lucien's best interest. There was a political component in my decision to not call them. These experts were upset due to the fact that the trial was to begin on the day after Thanksgiving and they had planned vacations during that time. Part of the reason for not asking these witnesses to testify was not wanting to anger them.

Aff. of Robert Sinsheimer ¶4. With his motion for a new trial, Lucien also submitted an affidavit in which Dr. Sussman states that he "was willing to testify at the trial of James Lucien but Attorney Sinsheimer elected not to call me as a witness." Aff. of Dr. Sussman ¶7.

The trial court denied Lucien's amended motion for a new trial, stating:

[T]here is a claim that defendant's very experienced trial counsel did not call two experts, in part, because he did not want them to get angry with him by interfering with their planned vacations. . . . I find [trial counsel's] affidavit on the issue of the two experts to be utterly incredible. The decision not to call these alleged 'experts' appeared to the Court, at the time of trial and at the present time, to have been solely a question of trial tactics in a case with strong evidence of guilt.

March 4, 2002 Memorandum and Order at 2 (emphasis in original). The SJC affirmed the denial of Lucien's motion for a new trial, noting

17

that "[a]lthough counsel did not disclose any other tactical reason [for failing to call the two expert witnesses], his affidavit makes clear that he had other reasons." Lucien, 440 Mass. at 670.[3] The SJC also determined that the testimony Dr. Sussman would have given at trial, as contained in his affidavit, would not have added to the defense and was consistent with the testimony of the Commonwealth's pathologist. See id. at 670-71. The SJC found that the testimony Majeskey would have given at trial would have been cumulative and that it might have been risky for Mr. Sinsheimer to have called Majeskey as a witness. See id.

Again, the state courts' factual determinations regarding trial counsel's rationales for not calling the two witnesses, as well as the SJC's conclusion about the value of their testimony, "shall be presumed to be correct." 28 U.S.C. §2254(e)(1). In addition, "[t]he decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and

---

[3] The SJC stated that:

Trial counsel filed an affidavit stating that his decision not to call the pathologist or the ballistician he had retained before trial 'was not based alone on [the defendant's] best interest,' and '[p]art of the reason for not asking these witnesses to testify was not wanting to anger them' because testifying would interfere with their Thanksgiving vacation plans. Although counsel did not disclose any other tactical reason, his affidavit makes clear that he had other reasons.

Lucien, 440 Mass. at 670.

risks of the anticipated testimony." Lema, 987 F.2d at 54. However, counsel's decision not to call a witness can be constitutionally deficient where "counsel committed an obvious error, without any semblance of a colorable excuse . . . [and] [t]here is simply no record support for the state court's finding that the attorney's conduct constituted a reasonable strategic choice." Ouber v. Guarino, 293 F.3d 19, 32 (1st Cir. 2002).

In this case, Lucien's trial counsel stated that he did not call Dr. Sussman and former officer Majeskey in part because he did not want to disrupt their vacations. Dr. Sussman's affidavit states that he was willing to testify. The statements of Mr. Sinsheimer and Dr. Sussman are not necessarily inconsistent. However, Mr. Sinsheimer did not describe any other particular reason for not calling the experts. Both the trial court and the SJC did not find sufficient Mr. Sinsheimer's sole stated reason for not calling the witnesses, and instead inferred that he had other, unstated, strategic reasons for not calling them. Lucien's counsel is being ordered to submit a supplemental memorandum that addresses the reasonableness of the state courts' conclusions that Lucien's trial counsel had a strategic basis for not calling the two expert witnesses. See 28 U.S.C. §2254(d)(2). Lucien's counsel shall address whether petitioner has, with clear and convincing evidence, rebutted the presumptive correctness of the state courts' factual determinations regarding counsel's decision not to call the two

witnesses. 28 U.S.C. §2254(e)(1).

Lucien's counsel shall also address in a supplemental memorandum the reasonableness of the SJC's conclusions that the testimony of Dr. Sussman and Majeskey at trial would have been cumulative, risky, and not beneficial to the defense. Important issues at Lucien's trial were the position of the person who shot and killed the victim, including whether that person fired the deadly shot from outside of the car in which the victim was killed, or whether the shot was fired from a close distance, such as from the rear seat of the car where Lucien was sitting at the time of the murder.

With regard to Dr. Sussman, the SJC determined that it was "clear from the affidavit of the defense pathologist that he would have offered nothing to detract from the testimony of the Commonwealth's pathologist, and he would have added nothing to the defense." Lucien, 440 Mass. at 670. The SJC determined that Dr. Sussman's "opinion was generally consistent with that of the Commonwealth's pathologist." Id. at 670-71. The SJC characterized Dr. Sussman's affidavit as "indicat[ing] that the absence of residue in the wound suggested that it was a 'distant' gunshot wound, without specifying." Id. at 670.

It may not be "clear" that Dr. Sussman's testimony would not have contributed to Lucien's defense, or that it would have been consistent with the testimony of the Commonwealth's expert, Dr.

20

Leonard Atkins. Dr. Atkins testified at trial that the distance
from which the deadly shot was fired could not be determined based
on the evidence. See Nov. 24, 1995 Trial Tr. at 58. However, Dr.
Sussman's affidavit states that, "[b]ased on the pathology report,
the wound of the deceased, Ryan Edwards, would be classified as a
distant gunshot wound." Aff. of Dr. Sussman ¶6. As the SJC noted,
he does not define "distant." However, his statement is arguably
different from the SJC's portrayal of Dr. Sussman's affidavit as
merely suggestive and unspecific regarding the distance from which
the fatal shot was fired. See Lucien, 440 Mass. at 670. Moreover,
in contrast to Majeskey, the SJC made no determination that it
would have been risky for Lucien's trial counsel to have called Dr.
Sussman as a witness.

    With regard to Majeskey, the SJC concluded that his "affidavit
contained opinions beyond his field of expertise that concerned the
feasibility of firing a gun from different locations inside and
outside the car, matters for which the jury needed no expert to
assist them." Lucien, 440 Mass. at 671. In addition, the SJC
determined that calling Majeskey "might have been risky" because
his testimony could  potentially have supported the prosecution,
and that his testimony would have been cumulative of the testimony
presented by the Commonwealth's pathologist. Id.

    In his affidavit, Majeskey stated that he would have testified
at trial regarding where the shooter likely would have been located

21

to have inflicted the deadly wound, and the firepower and range of
the weapon used to shoot the victim. See Aff. of Majeskey ¶3. He
concluded that "the fatal shot in this instance was either [] fired
by someone reaching across the front passenger seat or up to a foot
or two from the car with the passenger door open, or, [] up to a
foot or two from the opened window of the closed passenger door."
Id. Lucien was seated in the rear seat of the car at the time the
victim was shot. In addition, Majeskey's curriculum vitae was
attached to his affidavit, and it shows that he has substantial
ballistics training and experience.

It is unclear how or why the SJC determined that Majeskey's
affidavit contained opinions beyond his field of expertise given
the experience described in his curriculum vitae. In addition,
Majeskey's affidavit calls into question the Commonwealth's theory
that Lucien shot the victim from the back seat of the car, which
indicates that Majeskey's testimony would not have been cumulative
of the Commonwealth's evidence. Moreover, Majeskey's affidavit
expressly questions whether the Commonwealth's pathologist had any
experience with firearms. See id.

In a supplemental memorandum, Lucien's counsel shall address
whether the SJC's conclusions regarding the testimony that the two
experts would have given at trial were based on an "unreasonable
determination of the facts in light of the evidence presented in
the State court proceeding." 28 U.S.C. §2254(d)(2). In addition,

22

counsel shall address whether Lucien has satisfied his burden under 28 U.S.C. §2254(e)(1) to rebut with clear and convincing evidence the presumptive correctness of the state courts' factual findings regarding the value of the testimony that the two experts would have given at trial.

The SJC decided on the merits Lucien's claim regarding his trial counsel's failure to call the two expert witnesses. See Lucien, 440 Mass. at 670-71. The parties agree that this claim is cognizable under the Sixth Amendment and governed by the Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984). The court is ordering Lucien's counsel to address whether the SJC's decision regarding trial counsel's failure to call the expert witnesses "was contrary to, or involved an unreasonable application of" the two-part Strickland test for ineffective assistance of counsel. 28 U.S.C. §2254(d)(1).

## B.   Petitioner's Motions for an Evidentiary Hearing and for Leave to Initiate Discovery

Petitioner requests an evidentiary hearing and has moved for leave to initiate discovery. An evidentiary hearing and discovery are impermissible at this stage of the litigation with regard to any of petitioner's claims that were decided on the merits by the state courts. See Cullen v. Pinholster, 131 S. Ct. 1388, 1398-1400 (2011). Among other claims, the state courts decided on the merits Lucien's claims that his trial counsel was ineffective for: (1) failing to advise him about the prosecutor's intention not to

23

proffer his past conviction if he testified; and (2) not calling Dr. Sussman and Majeskey to testify as expert witnesses. See Lucien, 440 Mass. at 669-73.

In Cullen, the Supreme Court clarified that when a claim has been adjudicated on the merits by a state court, a federal habeas court is limited to reviewing the state court record when determining whether a state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts," 28 U.S.C. §2254(d)(1)-(2). See 131 S. Ct. at 1400 & n.7; see also Atkins, 642 F.3d at 49. Therefore, in determining whether Lucien has proven that the state courts' decisions were legally or factually unreasonable under §2254(d), the court may not consider new evidence that would be introduced as a result of discovery and an evidentiary hearing in this case. However, if petitioner is able to overcome the limitations in §2254(d), then an evidentiary hearing or discovery may be permissible, if Lucien satisfies the standards for such a hearing or discovery.[4] See Cullen, 131 S. Ct.

---

[4] The court's grant of an evidentiary hearing is governed by 28 U.S.C. §2254(e)(2) and Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts. Generally, "an evidentiary hearing is prohibited if 'the applicant has failed to develop the factual basis of a claim in State court proceedings' unless certain stringent exceptions apply." Teti v. Bender, 507 F.3d 50, 61-62 (1st Cir. 2007) (quoting 28 U.S.C. §2254(e)(2)). A petitioner my be granted leave to conduct discovery if he shows "good cause." Teti, 507 F.3d at 60 (quoting Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts).

at 1412 (Breyer, J., concurring in part and dissenting in part).

With regard to Lucien's claims that were not decided on the merits by the state courts, an evidentiary hearing or discovery would be permissible at this stage of the litigation if petitioner satisfies the standards of §2254(e)(2), Rule 8, and Rule 6 for such a hearing or discovery. See Cullen, 131 S. Ct. at 1401. It appears that the state courts did not decide on the merits petitioner's claims that: (1) the SJC denied him due process by relying on an erroneous factual determination regarding Butler's guilty plea; (2) he did not validly waive his right to testify at trial, if that claim is cognizable under a constitutional provision other that the Sixth Amendment right to effective assistance of counsel; and (3) his appellate counsel was constitutionally deficient.

The court will not address in a piecemeal fashion whether any evidentiary hearings or discovery is warranted in this case. After the parties have submitted the supplemental memoranda required by this Memorandum and Order, petitioner's counsel may file a motion for discovery and an evidentiary hearing if counsel perceives a proper basis to do so.

C. Petitioner's Motion to Correct Docket

Lucien moves the court to correct Docket Entry 43. He claims that Docket Entry 43 should consist of a letter that he wrote to the court, a copy of a letter to respondent's counsel, and certified copies of the SJC slip opinion and published opinion in

his case. Docket Entry 43 currently consists only of Lucien's letter to respondent's counsel. Lucien's motion to correct Docket Entry 43 is being allowed, and Docket Entry 43 shall be corrected to reflect the documents that Lucien actually filed.

IV.  ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Petitioner's Motion for Appointment of Counsel Pursuant to 21 U.S.C. §848(q)(4)(B) (Docket No. 5) is ALLOWED, if petitioner is deemed financially eligible. If petitioner still wants to be represented by counsel, he shall, by April 5, 2013, file a completed financial affidavit, in the form attached hereto. If an affidavit establishing eligibility is filed, counsel will be appointed promptly.

2. If counsel is appointed, counsel shall, by May 24, 2013, file a supplemental memorandum addressing the issues discussed in this Memorandum and Order. In that supplemental memorandum, petitioner's counsel may also present additional arguments that have not been adequately raised or addressed in the parties' prior submissions.

3. Respondent shall, by June 28, 2013, respond to petitioner's supplemental memorandum.

4. Petitioner's request for an evidentiary hearing (Docket No. 26) is DENIED without prejudice.

5. Petitioner's Motion for Leave to Initiate Discovery

Pursuant to "Rules of 2254 Case" (Docket No. 47) is DENIED without prejudice.

6. Petitioner's Motion for a Status Hearing (Docket No. 68) is ALLOWED. A hearing to address either the status, or if the matters are fully briefed, any pending motions and/or the merits of the petition will be held on August 8, 2013 at 2:00 p.m.

7. Petitioner's Motion for the Court's Ruling on Unresolved Motion [sic] Pursuant to Local Rule 7.1(a)(3) (Docket No. 76) is MOOT.

8. Petitioner's Motion for a Ruling on His Petition for Writ of Habeas Corpus Under 28 U.S.C. Sec. 2254 (Docket No. 86) is DENIED without prejudice.

9. Petitioner's letter/motion to correct Docket Entry 43 is ALLOWED. The deputy clerk shall correct Docket Entry 43 to reflect all of the filings that petitioner made on September 28, 2008.

UNITED STATES DISTRICT JUDGE

| CJA 23 (Rev. 11/11) | **FINANCIAL AFFIDAVIT** |
|---|---|
| | IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE |

**IN THE UNITED STATES** ☐ DISTRICT COURT   ☐ COURT OF APPEALS   ☐ OTHER *(Specify below)*

IN THE CASE OF

| _____ v. _____ | FOR _____ | LOCATION NUMBER |
|---|---|---|
| _____ | AT _____ | |

| PERSON REPRESENTED *(Show your full name)* | 1 ☐ Defendant - Adult | DOCKET NUMBERS |
|---|---|---|
| | 2 ☐ Defendant - Juvenile | Magistrate Judge |
| | 3 ☐ Appellant | |
| | 4 ☐ Probation Violator | District Court |
| | 5 ☐ Supervised Release Violator | |
| CHARGE/OFFENSE *(describe if applicable & check box →)*  ☐ Felony  ☐ Misdemeanor | 5 ☐ Habeas Petitioner | Court of Appeals |
| | 6 ☐ ... | |
| | 7 ☐ 2255 Petitioner | |
| | 8 ☐ Material Witness | |
| | 9 ☐ Other *(Specify)* | |

| **ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY** |
|---|

**INCOME & ASSETS**

**EMPLOY-MENT**

Are you now employed?   ☐ Yes   ☐ No   ☐ Self-Employed

Name and address of employer: _____

| **IF YES,** how much do you earn per month? $ _____ | **IF NO,** give month and year of last employment? _____  How much did you earn per month? $ _____ |
|---|---|

If married, is your spouse employed?   ☐ Yes   ☐ No

| **IF YES,** how much does your spouse earn per month? $ _____ | If you are a minor under age 21, what is the approximate monthly income of your parent(s) or guardian(s)? $ _____ |
|---|---|

**OTHER INCOME**

Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources?   ☐ Yes   ☐ No

| **RECEIVED** | **SOURCES** |
|---|---|
| **IF YES,** give the amount received and identify the sources   $ _____  $ _____ | _____  _____  _____ |

**CASH**

Do you have any cash on hand or money in savings or checking accounts?   ☐ Yes   ☐ No   **IF YES,** total amount? $ _____

**PROP-ERTY**

Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?   ☐ Yes   ☐ No

| **VALUE** | **DESCRIPTION** |
|---|---|
| **IF YES,** give value and description for each   $ _____  $ _____  $ _____  $ _____ | _____  _____  _____  _____ |

**OBLIGATIONS & DEBTS**

**DEPENDENTS**

| MARITAL STATUS | List persons you actually support and your relationship to them |
|---|---|
| ___ Single | _____ |
| ___ Married   Total | _____ |
| ___ Widowed   No. of Dependents | _____ |
| ___ Separated or Divorced | _____ |

**DEBTS & MONTHLY BILLS** *(Rent, utilities, loans, charge accounts, etc.)*

| **DESCRIPTION** | **TOTAL DEBT** | **MONTHLY PAYMENT** |
|---|---|---|
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |

I certify under penalty of perjury that the foregoing is true and correct.

| _____ | _____ |
|---|---|
| SIGNATURE OF DEFENDANT *(OR PERSON REPRESENTED)* | Date |