UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES LUCIEN, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 07-11338-MLW |
| | ) | |
| LUIS SPENCER, | ) | |
| Respondent. | ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                             March 24, 2014

At the March 21, 2014 hearing, the court ordered that Sharon Fray-Witzer, Esq. be replaced as appointed counsel for petitioner James Lucien. This Memorandum and Order reiterates the reasons for that decision and the court's resulting instructions, as previously stated in court.

I.   BACKGROUND

On November 28, 1995, in Suffolk Superior Court, petitioner James Lucien was convicted on one count of first degree murder, two counts of armed robbery, and one count of illegal possession of a firearm. He was sentenced to life in prison. Except for one count of armed robbery, his conviction was affirmed by the Massachusetts Supreme Judicial Court. See Commonwealth v. Lucien, 801 N.E.2d 247 (Mass. 2004).

On July 20, 2007, Lucien filed a petition for a writ of habeas corpus under 28 U.S.C. §2254, asserting, among other

things, that: (a) the trial court failed to instruct the jury that it should not consider the guilty plea of a cooperating witness as evidence of Lucien's guilt; (b) Lucien's trial counsel failed to inform Lucien, before Lucien waived his right to testify at trial, that the prosecution had agreed not to introduce Lucien's past conviction for armed assault and battery into evidence even if Lucien were to testify; and (c) trial counsel failed to call two expert witnesses to testify because, among other reasons, he did not wish to interrupt their holiday vacations.

Lucien also filed a Motion for Appointment of Counsel, pointing to the complexity of the issues entailed by his petition and asserting that he suffers from a cognitive disorder that impairs his ability to comprehend reading material. On February 17, 2008, the court denied the Motion for Appointment of Counsel without prejudice.

After receiving additional briefing, however, the court determined that counsel should be appointed. In a Memorandum and Order issued March 22, 2013, the court stated that "Lucien has made a commendable effort to present the complex legal and factual issues raised in his habeas petition," but that "it is in the interest of justice to appoint counsel for [Lucien] to brief further and argue the most complicated issues in this

case." See Lucien v. Spencer, Civ. A. No. 07-11338-MLW, 2013 WL 1212895, at *3 (D. Mass. Mar. 22, 2013). The court, therefore, ordered that counsel be appointed, if Lucien is financially eligible, and that appointed counsel file a supplemental memorandum on Lucien's behalf.

The March 22, 2013 Memorandum and Order described in detail some of the complex issues that would need to be addressed in counsel's supplemental memorandum. In essence, these issues concern: (a) whether Lucien's various claims represent cognizable bases for habeas relief; (b) whether they were exhausted in the state courts; (c) whether they were adjudicated on the merits by the state courts; (d) whether they were procedurally defaulted; (e) whether any procedural default can be excused by a showing of cause and prejudice, or by a demonstration that failure to consider Lucien's claims would result in a fundamental miscarriage of justice; and (f) whether determinations of fact made by the state courts were unreasonable, or are contradicted by clear and convincing evidence. The court added that Lucien's appointed counsel may also present additional arguments that have not been adequately addressed in prior submissions.

Lucien was deemed to be financially eligible for the appointment of counsel. On April 16, 2013, Ms. Fray-Witzer, who

was randomly selected from the court's list of attorneys available to represent habeas petitioners, was appointed as Lucien's counsel.

II. APPOINTED COUNSEL'S FAILURE TO COMPLY WITH COURT ORDERS

Lucien's supplemental memorandum was initially due by May 24, 2013. On May 25, 2013, Ms. Fray-Witzer moved for an extension of time until June 21, 2013, stating that she was still in the process of fully collecting and processing Lucien's files. The motion was allowed, and a revised schedule was issued. See May 28, 2013 Order; June 4, 2013 Order.

On the new deadline date, June 21, 2013, Ms. Fray-Witzer again moved for an extension, stating that she was "finally nearing completion" of her efforts to collect and review Lucien's files. The motion was allowed. As requested, July 19, 2013 was set as the revised deadline for Lucien's supplemental memorandum. See June 27, 2013 Order.

On July 19, 2013, Ms. Fray-Witzer sought a third extension of the deadline, this time until October 20, 2013. She explained that the procedural history of the case had turned out to be more complex than she had initially anticipated, and described her efforts to obtain a complete record from Suffolk Superior Court. The motion for an extension was allowed. See Aug. 2, 2013 Order.

The October 20, 2013 deadline elapsed. No filing was made on Lucien's behalf, however, until November 20, 2013, when Ms. Fray-Witzer sought a fourth extension, this time until December 20, 2013. Ms. Fray-Witzer explained that she "continues to struggle with record collection." The court allowed the motion, stating that "[n]o further extension [would] be granted except for very good cause shown." Dec. 5, 2013 Order.

On December 20, 2013, Ms. Fray-Witzer moved for a fifth extension, now seeking a deadline of January 20, 2014. The court allowed the motion, stating that "[n]o further extension will be granted." The deadline for respondent's response to Lucien's memorandum was set for February 20, 2014, and a hearing was scheduled for March 21, 2014. See Dec. 26, 2013 Order.

On January 21, 2014, Ms. Fray-Witzer submitted a memorandum on Lucien's behalf, captioned "Appointed Counsel's Preliminary/Introductory Memorandum on Issues of Concern." This memorandum outlined briefly the procedural and factual history of the case, and stated that "[w]ith more time for counsel to prepare his legal arguments, counsel can now show that he either has met, or can meet, the Courts' cited standards for hearing and discovery." The memorandum did not address the complex issues that had prompted the court to appoint counsel for Lucien. Ms. Fray-Witzer also filed, on January 22, 2014, a

Motion to File and Serve State Court Record on Computer Disks in Lieu of Hard Copy, explaining that an electronic document containing the state court record is too large to be filed electronically through the CM/ECF system.

On February 7, 2014, respondent filed a motion to dismiss Lucien's petition for failure to prosecute.

In a Memorandum and Order issued February 14, 2014, the court described Ms. Fray-Witzer's repeated failures to comply with its orders, and stated that at the March 21, 2014 hearing, the court would "address whether Ms. Fray-Witzer shall be discharged as counsel for Lucien and, in any event, whether and how this case should proceed." Id. at 8. The court ordered that Lucien attend the March 21, 2014 hearing. Respondent was excused from responding to the "Preliminary/Introductory Memorandum" filed by Ms. Fray-Witzer.

On February 20, 2014, Lucien himself filed a motion requesting that the court order Ms. Fray-Witzer to "show cause for her refusal to inform him of the progress of his case." Lucien attached to his motion a collection of letters that he had mailed to Ms. Fray-Witzer and that had not, he asserted, been answered. As an alternative request, Lucien suggested that the court "consider whether a new lawyer should be appointed." Lucien had previously made two submissions that presented

similar complaints. <u>See</u> Motion for Leave to Stay Proceedings (Docket No. 106); Letter from James Lucien to the Court (Docket No. 113).[1]

On March 21, 2014, the day of the hearing, Ms. Fray-Witzer filed, without seeking leave to do so: a Supplemental Memorandum on Issues of Concern; and a Motion to Expand the Record. She also sought to submit, on a USB flash drive, an electronic version of the state court record.

At the March 21, 2014 hearing, Ms. Fray-Witzer expressed her regret at failing to comply with the court's orders. She represented that she would, if necessary, facilitate an efficient transfer of the case to a new attorney. Lucien left to the court's discretion the question of whether his counsel should be replaced. Respondent, too, took no position on that question, but noted that respondent would likely object to the submission of record materials that had not been included in respondent's previously filed supplemental answer to Lucien's petition.

---

[1]   At the March 21, 2014 hearing, the court was informed that Ms. Fray-Witzer had conducted two interviews with Lucien and had responded to some, though not all, of his letters.

III. DISCUSSION

The court first addressed Ms. Fray-Witzer's failures to comply with its orders in the February 14, 2014 Memorandum and Order. The court stated that:

> after five extensions and over nine months of work, Lucien's appointed counsel has failed to comply with the instructions provided in the March 22, 2013 Memorandum and Order. The development and evaluation of Lucien's claims have not progressed appreciably, and the court's ability to decide this case on the merits has been frustrated.

Feb. 14, 2014 Mem. & Order at 7. These observations remain true. In recognition of the complexity of this case, the court has liberally granted extensions of the time limits it imposed. Ms. Fray-Witzer repeatedly failed to meet the deadlines that she herself requested. She repeatedly sought extensions at unreasonably late dates. As a result, the progress of this case has been impeded. In addition, even the unauthorized filings made by Ms. Fray-Witzer on the day of the hearing do not appear to address fully the complex legal issues outlined by the court in the March 22, 2013 Memorandum and Order.

As the First Circuit has explained, it would be "folly" to "treat[] case-management orders as polite suggestions rather than firm directives." Mulero-Abreu v. Puerto Rico Police Dept., 675 F.3d 88, 89 (1st Cir. 2012). A litigant's conduct that

8

amounts to "arrogat[ing] control" of the schedule should not be "condoned by a slap on the wrist." Damiani v. Rhode Island Hosp., 704 F.2d 12, 16 (1st Cir. 1983). Ms. Fray-Witzer's failures to comply with the court's orders have injured the court's ability to discharge its obligation to manage its busy docket fairly and efficiently.

More importantly, these failures to comply with court orders have potentially prejudiced Lucien. As the court stated in the March 22, 2013 Memorandum and Order, in view of the complex issues entailed by Lucien's petition, it is in the interest of justice for him to be effectively represented by appointed counsel. The court now finds that the interest of justice would be best served by discharging Ms. Fray-Witzer and appointing successor counsel.

IV. ORDER

In view of the foregoing, it is hereby ORDERED that:

1.  Ms. Fray-Witzer is DISCHARGED as Lucien's counsel.

2.  Susan Church, Esq. is APPOINTED as Lucien's successor counsel.

3.  Ms. Fray-Witzer shall work with Ms. Church to achieve an efficient transition that will minimize the duplication of effort by Ms. Church. Cf. Mass. R. Prof'l Conduct 1.16(d)-(e).

4.    By May 23, 2014, Ms. Church shall file a supplemental memorandum in compliance with the March 22, 2013 Memorandum and Order.

5.    By April 14, 2014, Ms. Church shall file an interim report describing the status of her efforts to comply with paragraph 4 hereinabove and, if necessary, request a reasonable extension of the May 23, 2014 deadline.

6.    Respondent shall respond to Lucien's supplemental memorandum by June 30, 2014.

7.    Any reply shall be filed by July 22, 2014.

8.    A hearing will be held on August, 18, 2014, at 2:30 p.m.

9.    Respondent's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) (Docket No. 122) is DENIED.

10.    If necessary and appropriate, Ms. Church may file a motion to submit the state record, in whole or in part, in electronic form. But see LR, D. Mass. 5.4(G)(1)(e) ("the state court record in proceedings under 28 U.S.C. §2254" is a document that "must not be filed electronically").

11.    This case is otherwise STAYED until May 23, 2014.


                                    /s/ Mark L. Wolf
                          UNITED STATES DISTRICT JUDGE